The Honorable Barbara J. Rothstein

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TERRANCE JON IRBY, <br><br> Plaintiff, <br><br> v. <br><br> CLIFFORD JOHNSON, *et al*. <br><br> Defendants. | Civil Action No. 21-5605-BJR-MLP <br><br> ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE |

## I.   INTRODUCTION

Currently before the Court is a Report and Recommendation in which the Honorable Magistrate Judge Peterson recommends that this matter be dismissed pursuant to 28 U.S.C. 1915A(b)(1) and that Plaintiff's application to proceed *in forma pauperis* and his motion for preliminary injunctive relief be denied as moot. Dkt. No. 7. Plaintiff Terrance Jon Irby ("Plaintiff") filed objections to the Report and Recommendation. *See* Dkt. Nos. 10 and 11. Having reviewed the Report and Recommendation, the Objections thereto, the record of the case, and the relevant legal authority, the Court will adopt the Report and Recommendation and dismiss this case. The reasoning for the Court's decision follows.

## II. BACKGROUND

Plaintiff is a state prisoner who is in the custody of the Washington Department of Corrections ("DOC"). Plaintiff alleges that from 2014 through 2020, the DOC failed to perform blood work or a prostate examine to test him for prostate cancer even though he was in his 40s and had a known family history of prostate cancer. At some point, Plaintiff was transferred to the Skagit County Community Justice Center while he awaited retrial on his murder and burglary charges. Plaintiff was diagnosed with prostate cancer in July 2020 and received treatment for the disease while in Skagit County custody. Plaintiff alleges that the cancer would have been detected sooner if appropriate screening had been conducted while he was in DOC's custody.

Plaintiff further claims that when he was transferred back to DOC custody after his retrial, he was denied mental health medications that he had been prescribed while in Skagit County custody. Plaintiff alleges that DOC's alleged failure to properly screen for prostate cancer and its alleged denial of mental health medications violates his Eighth and Fourteenth Amendment rights.

## III. DISCUSSION

While Plaintiff alleges violations of both his Eighth and Fourteenth Amendment rights, his allegations only implicate the Eighth Amendment; therefore, the Court will assess his claims under that framework. To establish an Eighth Amendment violation for inadequate medical care, a plaintiff must demonstrate that he had a "serious medical need," and that defendants' response to that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc)). A prison official is deliberately indifferent to a serious medical need if he "knows of and disregards an excessive risk to inmate health." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). To be found liable under the

Eighth Amendment, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk." *Gibson v. Cty. of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002), *overruled on other grounds by Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). An inadvertent or negligent failure to provide adequate medical care is insufficient to establish a claim under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976); *see also Farmer*, 511 U.S. at 835 (finding "ordinary lack of due care" is insufficient to establish an Eighth Amendment claim). Moreover, mere differences of opinion between a prisoner and prison medical staff or between medical professionals regarding the proper course of treatment does not give rise to a § 1983 claim. *Toguchi*, 391 F.3d at 1058. "[T]o prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to [the prisoner's] health.'" *Id*. (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)).

### A. Claims related to Prostate Cancer

Plaintiff alleges that Defendants Dr. Clifford Johnson, Stephen Sinclair, and Cheryl Strange violated his Eight Amendment rights by failing to screen Plaintiff for prostate cancer from 2014 to 2020 while he was in DOC custody. The Report and Recommendation recommends that this Court dismiss these claims against Defendants Sinclair and Strange because they are supervisory officials and Plaintiff pleads no facts demonstrating that either Defendant had direct

knowledge or involvement in decisions regarding Plaintiff's medical care. This Court agrees and will adopt the recommendation as to Defendants Sinclair and Strange. *See Starr v. Baca*, 652 F.3d 1202, 1202 (9th Cir. 2011).

The Report and Recommendation further recommends that this Court dismiss the claims against Defendant Johnson. Dr. Johnson was the medical doctor on staff at the Clallam Bay Corrections Center in 2014 where Plaintiff was housed at the time. Plaintiff faults Dr. Johnson for not undertaking appropriate prostate cancer screening when the doctor examined him in 2014. Judge Peterson recommends that this Court dismiss the claims against Dr. Johnson because Plaintiff alleged insufficient facts to demonstrate that Dr. Johnson was deliberately indifferent to a serious medical need when Plaintiff was purportedly under his care and, even if sufficient facts had been alleged, the claim would be time-barred by the applicable three-year statute of limitations. Plaintiff objects to this recommendation with two contradictory statements. He first argues that he could not have brought the claim against Dr. Johnson sooner because the doctor failed to examine him for prostate cancer "back in 2014", but he then claims that the doctor did examine him and found that his prostate was enlarged and therefore should have started treatment. Dkt. No. 10 at 3-4. Both of Plaintiff's allegations are contradicted by Plaintiff's own exhibits, which include a medical record from July 16, 2014 that states that Plaintiff was given a prostate exam on July 7, 2014 and the prostate was "normal". Dkt. No. 10, Ex. 1 at 10. This medical record demonstrates that Plaintiff was both examined in 2014 and his prostate was determined to be normal. Therefore, Plaintiff cannot state a claim for relief against Dr. Johnson and the claim must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

**B.      Claim related to Mental Health Medication**

Next Plaintiff alleges that Defendant Strange and Defendant Amy Mok violated his Eighth Amendment rights by denying him adequate mental health medication. As stated above, when Plaintiff was transferred back to DOC custody from Skagit County, his mental health medications were reduced. Specifically, when Plaintiff was in Skagit County's custody, he was prescribed venlafaxine and bupropion, but when he was transferred back to DOC's custody, he was advised that bupropion was restricted at DOC and he needed to meet with the psychiatry staff to initiate taper of that medication and discuss alternatives. Plaintiff refused to meet with the psychiatry staff so Defendant Mok advised Plaintiff that she would taper and discontinue his medications. Plaintiff was advised that DOC prescribers could not continue him on medication that they did not prescribe without first establishing a provider/patient relationship with him. Plaintiff subsequently agreed to meet with psychiatry and his venlafaxine medication was increased again. Plaintiff asserts, however, that he has received no substitute for bupropion, which, in his opinion, means he continues to be under-medicated.

Judge Peterson recommended that this claim be dismissed for failure to state a claim that rises to the level of an Eighth Amendment violation. This Court agrees. At most, Plaintiff has identified nothing more than a difference of opinion regarding the proper course of treatment for his mental health issues and such a difference of opinion does not rise to the level of an Eighth Amendment violation. *See Toguchi*, 391 F.3d at 1058 (noting that a difference of opinion between a prisoner and prison medical staff regarding proper course of treatment does not give rise to a §1983 claim). And, as Judge Peterson noted, Plaintiff's claim of deliberate indifference is undermined by his own lack of cooperation with the DOC mental health providers. Therefore, the Court will dismiss this claim pursuant to 28 U.S.C. § 1915A(b)(1).

IV.     CONCLUSION

For the foregoing reasons, this Court HEREBY ADOPTS the Report and Recommendation of Judge Peterson and DISMISSES the complaint without prejudice, under 29 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief may be granted. The Court further DENIES Plaintiff's request to proceed *in forma pauperis* and motion for preliminary injunctive relief as moot.

The Clerk is respectfully directed to send copies of this order to Plaintiff and to Judge Peterson.

Dated this 6th day of December 2021.

Barbara Jacobs Rothstein
U.S. District Court Judge